IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLYDE GARRISON, #1800640,<br>　　　　Petitioner, | §<br>§<br>§ | |
| v. | § | 3:14-CV-1832-M-BK |
| | § | |
| WILLIAM STEPHENS, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Div.,<br>　　　　Respondent. | §<br>§<br>§<br>§ | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner, a state prisoner proceeding *pro se*, filed a federal habeas corpus petition under 28 U.S.C. § 2254, which was automatically referred to the magistrate judge.  *See* 28 U.S.C. 636(b) and Special Order 3.  For the reasons that follow, it is recommended that the petition be dismissed for failure to exhaust state court remedies.

### I.  BACKGROUND

In 2012, Petitioner was convicted of assault involving family violence with three prior assault-family violence convictions, and, with the enhancement of two prior felony convictions, was sentenced to 25 years' imprisonment.  *State v. Garrison*, No. F09-56536-H (Criminal Dist. Ct. No. 1, Dallas Cty., Jul. 3, 2012), *aff'd*, No. 05-12-00986-CR (Tex. App. – Dallas, Jul. 31, 2013, no pet.).  Petitioner concedes he neither filed a petition for discretionary review nor sought state habeas relief.  [Doc. 3 at 3].  In this federal action, filed May 20, 2014, Petitioner alleges that his plea counsel and his appellate counsel rendered ineffective assistance, and that his due process rights were violated at his probation revocation hearing.  [Doc. 3 at 6-7].

## II.  ANALYSIS

A state prisoner must exhaust all available state court remedies before a federal court will consider the merits of his habeas claims.  *See* [28 U.S.C. § 2254(b) and (c)](#); [*Rhines v. Weber*, 544 U.S. 269, 274 (2005)](#).  The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." [*Rose v. Lundy*, 455 U.S. 509, 518 (1982)](#).  Exhaustion of state court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." [*Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004)](#) (quoting [*Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir. 1999)](#)).  A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus under [Article 11.07 of the Texas Code of Criminal Procedure](#).  [*Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998)](#).

Petitioner has not satisfied the exhaustion requirement.  A review of his petition and the state courts' docket sheets (available online) confirms his admission that he filed neither a petition for discretionary review nor a state habeas application challenging his conviction.  [[Doc. 3 at 3](#)].  Therefore, the Court of Criminal Appeals has not had an opportunity to consider Petitioner's claims, and they remain unexhausted.

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DISMISSED** without prejudice for failure to exhaust state court remedies.  *See* 28 U.S.C. § 2254(b) and (c).[1]

SIGNED May 21, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court cautions Petitioner that the 1996 amendments to the habeas corpus statute impose a one-year statute of limitations for filing habeas corpus petitions in federal court, *see* 28 U.S.C. § 2244(d), and that this provision is applicable to this petition as well as to any other petition that he may file in this court.  Petitioner should act diligently and expeditiously in seeking habeas corpus relief in both state and federal court.