IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLYDE GARRISON, | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| v. | § | 3:14-CV-01832-M-BK |
| | § | |
| WILLIAM STEPHENS, DIRECTOR, | § | |
| Respondent. | § | |

## ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made Findings, Conclusions, and a Recommendation in this case. Petitioner filed objections, and the District Court has made a *de novo* review of those portions of the proposed findings and recommendation to which objection was made. The objections are overruled.

I.

On October 1, 2009, Petitioner pled guilty to assault involving family violence, with three prior assault-family violence convictions, and was placed on three years' deferred adjudication community supervision, also known as deferred adjudication probation. *State v. Garrison*, No. F09-56536 (Criminal Dist. Ct. No. 1, Dallas Cty., 2009). On July 3, 2012, the trial court revoked the probation, found Petitioner guilty, and sentenced him, with the enhancement of two prior felony convictions, to 25 years' imprisonment. *State v. Garrison*, No. F09-56536 (Criminal Dist. Ct. No. 1, Dallas Cty., 2012), *aff'd*, No. 05-12-00986-CR (Tex. App. – Dallas, Jul. 31, 2013, no pet.).[1]

---

[1] The dates listed were verified through information available on the state court Internet web pages (Dallas County and Texas Court of Appeals).

On May 20, 2014, Petitioner filed this habeas corpus petition challenging his conviction under 28 U.S.C. § 2254. [Doc. 3]. The next day, the Magistrate Judge recommended that the federal petition be dismissed for failure to exhaust state court remedies because Petitioner had filed neither a petition for discretionary review nor a state habeas application challenging his conviction. [Doc. 7 at 2].

In his objections, Petitioner relies on the holding in *Trevino v. Thaler*, ___ U.S. ___, 133 S. Ct. 1911 (2013), which he also mentioned in passing in his federal petition. [Doc. 3 at 9; Doc. 9 at 2]. He maintains that requiring him "to exhaust state remedies when the state remedies are constitutional[ly] infirm" under *Trevino* is a "vain and useless act." [Doc. 9 at 3]. He also states that his federal petition is a "protective filing," which seeks review of his ineffective assistance of trial counsel (IATC) claims. [Doc. 3 at 7, 9]. Petitioner requests the "appointment of counsel to amend the § 2254 [petition] concerning [his] ineffective assistance of trial counsel claims." [Doc. 3 at 7; Doc. 9 at 3]. Alternatively, he seeks a "remand to the State of Texas to appoint counsel for his IATC or state habeas corpus – 11.07." [Doc. 3 at 7].

II.

*Martinez v. Ryan*, --- U.S. ---, 132 S. Ct. 1309 (2012) recognized a limited exception to procedural default. *Id.* at 1318-1319, 1320-1321. In *Trevino*, the United States Supreme Court held that *Martinez*, applies in Texas because "the Texas procedural system—as a matter of its structure, design, and operation—does not offer most defendants a meaningful opportunity to present a claim of ineffective assistance of trial counsel on direct appeal." 133 S. Ct. 1911, 1921. However, neither *Trevino* nor *Martinez* addressed the filing of a "protective" petition or the appointment of federal habeas counsel before a petitioner has exhausted his state court remedies, as in this case. Accordingly, the Court denies Petitioner's request to appoint federal habeas counsel to assist with his ineffective assistance claims.

Petitioner's request for a "remand" to state court fares no better. Even liberally construed as a request to stay and abate pending exhaustion of state court remedies, Petitioner has not made the requisite showing. A federal court has limited discretion to stay a habeas petition and hold it in abeyance so a prisoner can return to state court to exhaust his previously unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 275-276 (2005). Under *Rhines*, a stay is appropriate only if the petitioner shows (1) good cause for the failure to exhaust his claims, (2) the unexhausted claims are potentially meritorious, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 278.

Here, Petitioner cannot meet the second prong. His first claim of ineffective assistance of counsel, which relates to his 2009 guilty plea and placement on deferred adjudication probation, is plainly meritless because it is untimely. *See Lave v. Dretke*, 444 F.3d 333, 336 (5th Cir. 2006) (explaining that a district court should not stay proceedings under *Rhines* to permit a habeas petitioner to exhaust state claims when such claims are plainly meritless); *Caldwell v. Dretke*, 429 F.3d 521, 528-529 (5th Cir. 2005) (a state court order of deferred adjudication community supervision is a final judgment that triggers the federal habeas limitations period under 28 U.S.C. § 2244(d)(1)(A)). A stay is not appropriate where the underlying claim is untimely. *See White v. Thaler*, 3:12-CV-2638-B-BK, 2013 WL 363466 *4 (N.D. Tex. Jan. 2, 2013), *recommendation accepted*, 3:12-CV-2638-B-BK, 2013 WL 300910 (N.D. Tex. Jan. 25, 2013) (denying motion to stay because federal petition was untimely); *Tumbwe v. Thaler*, 3:12-CV-1723-P-BK, 2012 WL 5987579 *4 (N.D. Tex. Sept. 5, 2012), *report and recommendation accepted*, 2012 WL 5990764 (N.D. Tex. Nov. 28, 2012) (same).

While Petitioner's second and third claims (which stem from the July 3, 2012, revocation and subsequent appeal) are timely, his allegations are conclusory. In support of the second

claim, Petitioner generally pleads "due course of law/due process of law" and asserts in its entirety:

> I was arrested on July 1, 2012, on a Saturday taken to court on July 3, 2012, Tuesday probation revocation! Tried and Convicted. Was appointed an attorney that day. Was enhanced from a misdemeanor (0-2 yrs) to 3rd felony (2-10 years at plea). Then at revocation enhanced again to 1st degree felony 25-99.

[Doc. 3 at 6]. Likewise, the third claim, which complains of "ineffective assistance of appellate counsel" only asserts that "[a]ppellate counsel failed to investigate the trial courts [sic] jurisdiction of [sic] based on double enhancement." [Doc. 3 at 7]. Conclusory allegations cannot form the basis for section 2254 relief. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("mere conclusory allegations do not raise a constitutional issue in a habeas proceeding").

III.

Accordingly, Petitioner's objections [Doc. 9] are **OVERRULED**, and the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

IT IS THEREFORE ORDERED the petition for writ of habeas corpus under 28 U.S.C. § 2254 is **DISMISSED** without prejudice for failure to exhaust state court remedies. *See* 28 U.S.C. § 2254(b) and (c). The Court again cautions Petitioner that the 1996 amendments to the habeas corpus statute impose a one-year statute of limitations for filing habeas corpus petitions in federal court, see 28 U.S.C. § 2244(d), and that this provision is applicable to this petition as well as to any other petition that he may file in this court. Petitioner should act diligently and expediently in seeking habeas corpus relief in both state and federal court.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Sections 2254 and 2255 Proceedings in the United States District Court, and 28 U.S.C. § 2253(c), the Court **DENIES** a certificate of appealability.

The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions and Recommendation filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).[2]

If petitioner files a notice of appeal,

(X) petitioner may proceed *in forma pauperis* on appeal.

( ) petitioner must pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

SO ORDERED this 17th day of June, 2014.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

---

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Proceedings reads as follows:

> **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
>
> **(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.